CYRUS M. FREEMAN *vs.* EDWIN R. FREEMAN and others.

1. The title of a mortgagee to chattels mortgaged, is absolute at law after forfeiture, and he may sell them for the satisfaction of his debt without the aid of a Court of Chancery.

2. A mortgagee of chattels may maintain an action at law for the conversion of the goods, although not in his actual possession.

3. A mortgagee has the right to come into equity to obtain a foreclosure of the equity of redemption and a sale of the chattels, and also to protect the property from conversion or destruction until a sale be effected.

4. If the mortgagee retain the chattels, they are always liable to redemption by the mortgagor. His only right to them is to satisfy his debt. When that is satisfied, his title ceases.

5. The conduct and fairness of a sale of chattels by the mortgagee or pledgee, and the rights acquired under such sale, are always open to investigation at the instance of the mortgagor or pledgor. A sale under judicial sanction is therefore safer, and where the amount is large, advisable.

6. The mortgagee has the right to foreclose his mortgage. He is not bound to incur the risk of selling the property without the sanction of a decree, and he may, it seems, come into a court of equity for the protection of his rights as mortgagee, even before a forfeiture has been incurred.

7. Where an injunction has been issued at the prayer of the mortgagee, to restrain a sale or removal of chattels mortgaged, and the payment of the proceeds of sales already made to the plaintiff in execution, if the mortgagee has assented to a sale of the chattels, and they have in fact all been sold, the injunction will not be continued to prevent their removal, or to restrain the sheriff from paying over the proceeds.

The cause was heard upon a motion to dissolve the injunction and to dismiss the bill.

*Mr. Vanatta,* (with whom was *Mr. Leport*) for defendants, in support of the motion.

The complainant complains of no wrong done, or right withheld, which this court can redress or restore. The bond from the mortgagor to the complainant was due, and the title of the mortgagee to the goods absolute, prior to the filing of the bill. There is no necessity for a foreclosure of the mortgage. *Stewart* v. *Slater,* 6 *Duer* 99.

The complainant had a perfect remedy at law. He complains of acts which he himself permitted to be done. He stood by while the sale was being made, and gave notice to the sheriff to retain the proceeds of the sale. He elected his tribunal for the satisfaction of his rights, by notifying the sheriff to bring the money into court.

The bill shows no title in the mortgagee, nor does it allege any right which entitles him to a position in this court. The mortgage is void, because it does not appear that the mortgagee was ever in possession of the chattels. There is nothing in the bill to show why he had not taken possession of the property. *Runyon* v. *Groshon,* 1 *Beas.* 86; *Miller* v. *Pancoast,* 5 *Dutcher* 250.

Freeman v. Freeman et al.

*Mr. J. H. Stone*, for complainant, contra.

In this state, the practice in chattel mortgages is either to foreclose the mortgage, or make sale of the chattels. The mortgagee may sell them and apply the proceeds to his debt, and pay over the surplus to the mortgagor.

While in possession of the mortgagor, they may be levied on as his property; they cannot be levied upon as the property of the mortgagee. *Doughten* v. *Gray*, 2 *Stockt.* 324.

The complainant may come into this court—1. By reason of his mortgage. 2. By reason of his equitable lien on the proceeds of sale. He has a clear right to foreclose his mortgage, if he so elect. He has an equitable lien on the proceeds of the sale of the chattels. *Chapman* v. *Hunt*, 2 *Beas.* 370.

The mortgagee has not an exclusive absolute right to the chattels mortgaged. All he can do is to take possession and sell them. This right the mortgagee cannot exercise against the claim of the sheriff under execution.

The answer does not deny the whole equity of the bill, nor have all the defendants answered. To a portion, the denial is merely technical. *Everly* v. *Rice*, 3 *Green's Ch. R.* 553; *Scull* v. *Reeves*, 2 *Green's Ch. R.* 84, 131; *Adams' Equity* 732, notes.

The answer is new matter in avoidance of the charges of the bill, and constitutes no ground for a dissolution of the injunction. *Green* v. *Pallas*, 1 *Beas.* 267.

This court may settle the whole equity, and no injury can result to the defendants.

THE CHANCELLOR. The bill in this case was filed by the mortgagee in a chattel mortgage, for the foreclosure of the equity of redemption and the sale of the chattels. The goods had been levied upon by virtue of an execution at law, and part of them sold. An injunction was issued, at the prayer of the complainant, to restrain the sale or removal of the goods, and from paying over the proceeds of the sales already

made, to the plaintiff in execution. The plaintiff in execution having answered the bill, now moves to dissolve the injunction.

It is objected that there is no equity in the complainant's bill, because the complainant may have complete and adequate relief at law. It is true that the title of the mortgagee to chattels mortgaged is absolute at law after forfeiture, and that he may sell them for the satisfaction of his debt, without the aid of a Court of Chancery. *Hall* v. *Bellows,* 3 *Stockt.* 334; *Long Dock Co.* v. *Mallery,* 1 *Beas.* 94; *Chapman* v. *Hunt,* 2 *Beas.* 370; 4 *Kent's Com.* 139; *Story on Bail.* § 310, *and note* 4.

It is also true that he may maintain an action at law against a wrong-doer for the conversion of the goods, although not in the actual possession of the mortgagee. *Barrow* v. *Paxton,* 5 *Johns. R.* 258; *Brown* v. *Bement,* 8 *Ibid.* 96; *Stewart* v. *Slater,* 6 *Duer* 99; *Fenn* v. *Bittleston,* 7 *Exch.* 182. Nevertheless the right of a mortgagee of chattels to come into equity to obtain a foreclosure of the equity of redemption and a sale of the chattels, and also to protect the property from conversion or destruction until a sale be effected, is well settled. *Hall* v. *Bellows,* 3 *Stockt.* 334; *Runyon* v. *Groshon,* 1 *Beas.* 86.

In many cases the remedy in equity is more complete and effectual than at law. If the mortgagee retain the chattels, they are always liable to redemption by the mortgagor. His only right to them is to satisfy his debt. When that is satisfied, his title ceases. *Doughten* v. *Gray,* 2 *Stockt.* 323; *Charter* v. *Stevens,* 3 *Denio* 33.

A sale of the chattels by a mortgagee or pledgee, in the absence of statutory regulations, is attended with some difficulty and embarrassment. The conduct and fairness of the sale, and the rights acquired under it, are always open to investigation at the instance of the mortgagor or pledgor. *Morris Canal and Banking Co.* v. *Fisher,* 1 *Stockt.* 667, 687-9; *Same* v. *Lewis,* 1 *Beas.* 323. On these accounts a sale under judicial sanction is safer, and where the amount is large, advisable.

It is the right of the mortgagee to foreclose his mortgage. He is not bound to incur the risk of selling the property without the sanction of a decree, and he may, it seems, come into a court of equity for the protection of his rights as mortgagee, even before a forfeiture has been incurred. *Dry Dock Company* v. *Mallery,* 1 *Beasley* 84, 431.

Of the right of the mortgagee to invoke the protection of the court, I entertain no doubt. The only question is, whether, upon the admitted facts of the case as they now appear before the court, the injunction, as a matter of sound discretion, should be continued to the hearing, or whether the complainant should be left to his remedy at law. The mortgagor and mortgagee are brothers. The property mortgaged was levied upon under an execution, not against the mortgagor, but against the father, in whose possession it was at the time of the levy. The mortgagor forbid the sale, claiming the property as his. The mortgagee, who was also present by his attorney, did not object to the sale, but gave notice to the sheriff to pay into the court, from which the execution issued, out of the proceeds of the sale, the amount of his mortgage debt. He thereby tacitly assented to the sale. He can have, therefore, no claim in equity to restrain the sheriff from removing the goods so sold.

The bill alleged that a part of the goods were sold by the sheriff, and that he threatened to sell the remainder. The injunction restrained him from removing or selling any of the goods, and in case any of the goods so sold were delivered to the purchaser, it also restrained him from paying the proceeds thereof to the plaintiff in execution. It also appears that all the goods levied upon by the sheriff, with the exception of a single article of small value, have been sold. There is no propriety, therefore, in continuing the injunction for the purpose of restraining either the removal of the goods sold or the sale of the remainder. Nor do I see any necessity of continuing it to restrain the sheriff from paying over the proceeds of the sale.

The real matter in dispute is not the *bona fides* of the

mortgage to the complainant, but whether the property belongs to the defendant in execution, or to the mortgagor. If the property did not belong to the defendant, but to the mortgagor, it is clear that the levy and sale by the sheriff was illegal, and he is liable in damages at law. The remedy at law as between the execution creditor and the mortgagor or mortgagee is complete. To withdraw that question from the ordinary legal tribunals under color of enforcing the rights of the mortgagee, especially where the amount in dispute is small, will not conduce to the ends of justice.

The sheriff now holds in his hands the proceeds of the sale of the chattels mortgaged, under a notice from the mortgagee to pay it into the court out of which the execution issued. If that court under the circumstances, on a motion to pay over the money to the mortgagor or mortgagee, will take cognizance of the matter in dispute, the controversy may be settled with little delay or expense. If the court should refuse to give that relief, the party is not deprived of his remedy at law. It cannot be that the mortgagee, by mistaking his true remedy in supposing that the court would protect him upon summary motion, can be deprived of his just rights either at law or in equity.

The injunction is dissolved without costs.