## THE CAPE MAY AND SCHELLINGER'S LANDING RAILROAD COMPANY

*v.*

## ELDRIDGE JOHNSON et al.

1. A notice by telegraph of the granting of an injunction is sufficient to place the party disregarding such notification in contempt, provided such notice proceed from a source entitled to credit, and inform the defendant clearly and plainly from what act he must abstain.

2. It is an established rule of the court of chancery that it is not open to any party to question the orders of the court, or any process issued under its authority, by disobedience ; and even where the order is improvidently granted or irregularly obtained, it must nevertheless be respected until it is annulled by the proper authority.

3. An attempt to justify such disobedience by showing that the act was committed after consultation with counsel, and upon his advice to disregard the notice, will afford the defendants neither justification nor palliation.

On application for an order adjudging the defendants guilty of contempt &c.

Cape May and Schellenger's Landing R. R. Co. *v.* Johnson.

*Mr. S. H. Grey*, for complainants.

*Mr. Peter V. Voorhees* and *Mr. Peter L. Voorhees*, for defendants.

VAN FLEET, V. C.

The defendants are before the court on a charge of contempt. On the 20th day of June, 1881, an order was made directing the city council of the city of Cape May to desist and refrain from passing a certain ordinance, and also to show cause, at a subsequent day, why an injunction should not issue restraining the same act. The order was granted at Newark about midday on the day of its date. The council, it was understood, were to meet on the evening of the same day for the purpose of doing the act which the order was intended to restrain. The distance between the point where the order was made and the point where the defendants were to meet, rendered an actual service of the order impossible before the next day. Notice of the fact that an order had been made prohibiting the passage of the ordinance was sent to the president of the council by telegraph, which he received before the council convened on the evening of the 20th, and afterwards read to the council in open meeting. A special messenger, sent by the complainants, gave the council the same notice while they were in session on the evening of the 20th. The council the next day (June 21st) passed the ordinance.

The facts just stated are undisputed. They show that the defendants are guilty. The regularity, validity or correctness of the order contemned cannot be examined on this proceeding. While an order of a court remains in force it must be obeyed. Even if it was improvidently granted or irregularly obtained, it must nevertheless be respected until it is annulled by the proper authority. The rule upon this subject has been laid down with great clearness and force by Lord Truro. He says : " It is an

NOTE.—In two recent English cases, notice of the granting of an injunction, given by telegraph, was held sufficient, *Ex parte Langley*, L. R. (*13 Ch. Div.*) *110 ; Tonkinson* v. *Cartledge, 22 Alb. L. J. 123.*—REP.

established rule of this court that it is not open to any party to question the orders of this court, or any process issued under the authority of this court, by disobedience. I know of no act which this court may do which may not be questioned in a proper form and on a proper application; but I am of opinion that it is not competent for any one   *   *   *   to disobey an injunction, or any other order of the court, on the ground that such orders were made improvidently. Parties must take a proper course to question their validity, but while they exist they must be obeyed. I consider the rule to be of such importance to the interests and safety of the public, and to the due administration of justice, that it ought on all occasions to be inflexibly maintained." *Russell* v. *East Anglican Railway Co., 3 Macn. & G. 104, 117.* The same doctrine, in a less amplified form, was expressed by Chancellor Vroom in *Richards* v. *West, 2 Gr. Ch. 456.*

The notice that the defendants had of the order, at the time they violated the command, was, according to the authorities, entirely sufficient. Where the charge is that the defendant has willfully contemned the authority of the court, all that need be shown is that he knew of the existence of the order at the time he violated it. *Haring* v. *Kauffman, 2 Beas. 397.* Lord Eldon held that if a defendant is in court when an injunction is granted, he has sufficient notice of it to make it his duty to respect it. He also held that if the defendant is not in court when an order for an injunction is made, but is informed that such an order has been made, by a person who was in court when the order was made, he has sufficient notice of the injunction to render him liable to punishment for its breach. *Vansandau* v. *Rose, 2 Jac. & Walk. 264.* The rule as thus stated by Lord Eldon was enforced in *Hull* v. *Thomas, 3 Edw. Ch. 236;* and *Hull* v. *Thomas* is cited, with approbation, by Chancellor Williamson in *Endicott* v. *Mathis, 1 Stock. 110, 114.*

Notice given by telegraph has recently been adjudged in England to be sufficient. The solicitor of the party obtaining the injunction, immediately after it was granted, notified the defendant, by telegram, that an injunction had been granted. The de-

Cape May and Schellenger's Landing R. R. Co. v. Johnson.

fendant disregarded the notice, and proceeded to do what the notice informed him he had been commanded not to do. The defendant was brought before the court on a charge of contempt, and Bacon, V. C., held that the telegram constituted sufficient notice, and adjudged the defendant guilty of contempt. *In re Bryant, L. R. (4 Ch. Div.) 98.*

Notice, to be sufficient, need possess but two requisites—first, it must proceed from a source entitled to credit; and second, it must inform the defendant clearly and plainly from what act he must abstain. The notice in the case under consideration possessed both requisites. It was sent by the counsel who obtained the order, and it not only informed the defendants what act the order prohibited, but warned them, if they disregarded the order, their disobedience would be a contempt of the authority of the court. There is nothing in the conduct of the defendants indicating that they had the least doubt concerning the authenticity of the notice or the truth of its contents. They made no inquiry respecting its authenticity or its truth, but say that they consulted counsel whether or not they could safely disregard it, and were advised that they could. This advice, to say the least of it, was both injudicious and dangerous. It affords the defendants neither justification nor palliation. They must be adjudged guilty of contempt.

The complainants, since the proceeding for contempt was instituted, have voluntarily brought the order to show cause why an injunction should not issue to hearing, and it has been decided against them. While the fact that the order contemned was improvidently or erroneously made, neither justifies nor excuses the defendants, it is a matter which it is proper the court should consider in awarding punishment. *Sullivan* v. *Judah, 4 Paige 444; Partington* v. *Booth, 3 Mer. 148.*

Each of the six defendants must pay to the clerk, for the use of the state, a fine of $10, and they must also jointly pay the taxed costs of this proceeding.