On August 4th, 1927, a receiver was appointed under the statute in the above-entitled proceeding. Prior thereto, the respondent Premier Dye Works, Inc., caused an advertisement of the sale of certain chattels owned by the defendant but encumbered by a chattel mortgage held by Premier Dye Works, Inc., which sale was to be held on August 5th, 1927. On that day the sale was postponed until the 8th of that month, at which latter time a constable proceeded to make sale at one of the entrances of the premises where it was situated, and after completing the same was informed that several people were assembled at another entrance to the building. Thereupon, the constable *Page 570 
proceeded to such other entrance and again exposed the chattels to sale, when he was informed by the former secretary of the defendant, one Sands, and a Mr. Kronmeyer, that a receiver of the property about to be sold had been appointed.
The mortgagee was represented at the sale by one of the solicitors of this court. He asked Sands for a copy of the order and also whether or not such order contained an injunction. Sands replied that he did not have a copy, and that he was not a lawyer and did not know whether or not any injunction had been issued. After some further parley designed to enlighten Premier Dye Works, Inc.'s lawyer, he advised his client to proceed with the sale, whereupon the constable called for bids and the lawyer, as agent of the mortgagee, bid $150, and no one bidding any higher the chattels were struck off to him.
I think that counsel for the respondent Premier Dye Works, Inc., confuses the effect of the giving of a mortgage, as viewed on the one hand by a court of law and on the other by a court of equity. In law, such an instrument conveys the legal title to the property encumbered; whereas, in the eyes of this court, it creates a mere lien.
"The mortgage is not a conveyance nor does it confer upon the mortgagee any estate in the land. It creates a lien on the land, or, in the apt language already quoted, `a potentiality to follow the land by proper process, and condemn it for payment' of the debt. 3 Pom. Eq. Jur. 1188."
While this quotation deals with a mortgage on land it is applicable to a mortgage encumbering personal property 3 Ibid.
§ 1230.
The chattels involved were mortgaged by the defendant in the sum of $6,900, and the receiver has been offered a substantial amount above the lien. I think there can be no question, judging from the determination exhibited on both sides, that the general creditors will be materially benefited by a sale of the chattels by the reciver, and that the sum of $150 is grossly inadequate for the equity of redemption, which counsel for the respondent Premier Dye Works, Inc., concedes was in the corporation and has since passed to the receiver *Page 571 
and was in him at the time of sale. It is true that on the argument of this order the Premier Dye Works offered to extinguish the deficiency on its chattel mortgage, but it does not appear to me that that will alter the determination to set aside the sale for the irregularities appearing.
While it would have been more regular, and would have obviated all this contest, to have served the mortgagee or his attorney with a copy of the injunction contained in the order also appointing the receiver, still, there was sufficient notice to the mortgagee in the statements made at the sale by Sands and Mr. Kronmeyer. Haring v. Kauffman, 13 N.J. Eq. 397; Endicott v.Mathis, 9 N.J. Eq. 110; Cape May Railroad Co. v. Johnson,35 N.J. Eq. 422; State v. Dwyer, 41 N.J. Law 93; Seyfert v.Edison, 47 N.J. Law 428.
The information given by Sands, if standing alone, might well be open to the suspicion that it was the subterfuge of an officer of a corporation in desperate financial circumstances to stave off the evil day. He was deeply interested and would have been more so if his information had been untrue. He was a layman and might well have appeared entirely irresponsible. Just the reverse of these facts was the case of Mr. Kronmeyer. He was personally disinterested. He was a member of the bar, with the technical training that the status requires, and as a member of the bar he occupied a very responsible office.
I am not favorably impressed by the request of Premier Dye Works, Inc.'s attorney to be informed whether or not the order appointing the receiver contained an injunction or, as he expresses it in his affidavit, a "restraining order." Pierce v.Old Dominion, c., Co., 67 N.J. Eq. 399. As therein pointed out by Vice-Chancellor Stevenson, the appointment of the receiver is merely ancillary to the main purpose of the proceeding, which is to put an end to the corporate existence of the defendant, and the injunction permitted by the statute is so necessary that if it has ever been omitted where a receiver has been appointed, I have never heard of the case. Mr. Platoff must have known that if there was a receiver of the only kind that *Page 572 
could have been appointed in this case, the estate he took was protected by the injunctive order. At any rate, the information that came to his attention was sufficient to put him upon inquiry. It is a strange, if not an unprecedented, occurrence that one of the officers of this court should have assumed the responsibility of even the possibility of violating an order of this court.
I am further inclined to set aside the sale, because of the greater willingness of this court to do so in a case where the mortgagee purchases at his own sale. Campbell v. Gardner,11 N.J. Eq. 423. Such will be the order.