The defendant gave notice of an application to set aside an order made herein for payment by him of $50 per month for the maintenance of the petitioner, his wife, and two children of the marriage; and, in the brief submitted for him in the alternative asks for a reduction of the award. This order for maintenance resides in the decree nisi, which was made and filed September 7th, 1920, and which was by the final decree made absolute on March 10th, 1921.
The application of the defendant to vacate or reduce the former award is both disingenuous and impertinent. Among *Page 417 
other things he says: "The defendant [present applicant] has from the time of the above-mentioned order until the present continued to make said monthly payments as ordered."
Let us see if he has made the payments as ordered. He was ordered to make the payments monthly, and says, in effect, that he has done so. The chancellor, before whom this application is made, has had the defendant before the court several times for contempt for non-payment of the allowance, and once committed him to jail for non-payment. A succinct history of support given by defendant to his wife and children is as follows:
Mrs. Cooper made an affidavit herein July 23d 1920, and filed April 4th, 1921, annexed to which were copies of proceedings before a justice of the peace showing that Cooper had been arrested for non-support on 1918 and ordered to pay $10 per week, and shortly afterwards ceased to make such payments and was convicted and lodged in Hunterdon jail, from which he was later paroled in custody of the probation officer. It does not appear why this was filed, as there is no verification of the copies, and Mrs. Cooper's affidavit is not sufficient in law to prove them, and it is ignored. See In re McCraven, 87 N.J. Eq. 28.
The next step in the proceedings is a verified petition by Mrs. Cooper filed October 10th, 1922, showing that defendant owed her $640 back alimony, on account. Upon this an order was made that Cooper show cause October 17th, 1922, why he should not be adjudged in contempt and punished accordingly. That was twice adjourned and then dropped. He must have satisfied his wife, but nothing appears of record to that effect.
Then, on April 15th, 1926, she filed her verified petition showing that she had remarried, and gave the name of her then present husband, and alleged that the defendant had from time to time paid on account of said allowance and then owed the sum of $1,000; that she and the children were sorely in need; that defendant was steadily employed as an engineer on the Central Railroad of New Jersey, and was able to provide the maintenance specified by the decree herein. On April 15th, 1926, the usual order to show cause was made why he should not be committed, c. This appears not to *Page 418 
have been served and a similar order to show cause was made May 10th, returnable May 25th, 1926. This was served as appears by affidavit on file. The defendant then sent to the court for the benefit of the petitioner and his children, the sum of $150 (which was forwarded to her for them), and the cause was adjourned to June 22d 1926. Thereafter the same was adjourned by eight different orders to January 31st, 1927. The proceedings were then again dropped. But he then paid on account of arrearages, as will now appear.
By affidavit made November 30th, and filed December 5th, 1927, she swore that the back maintenance amounted to $300, and prayed that Cooper be apprehended and compelled to pay the amount. By order made December 1st, filed December 5th, 1927, the defendant was again ordered to show cause as he was theretofore ordered and commanded. On this occasion the chancellor insisted that the defendant appear before the court. He was served and instructed to be personally present. He came and made inadequate excuses and unbelievable promises, was found guilty of contempt and committed to jail, and a warrant was issued for that purpose. He went to jail, satisfied the exigencies of the writ by paying the sheriff, and was discharged by him.
He now makes application to be relieved, saying that his former wife married again, and that the children of petitioner and himself, Muriel Cooper and Richard H. Cooper, Jr., are now of the respective ages of nineteen and eighteen years and are self-supporting and earning their own livelihood. That they are doing so is disputed. It is admitted that Mrs. Cooper's second husband, Mr. Beattie, whom she married in 1921, died in March, 1925. The proceedings have always been prosecuted under the names of Cooper, as above.
The defendant married in April, 1926, and is living with his wife at Perth Amboy. He says that the order should be vacated or modified as to the maintenance because the defendant is unable to further comply with it; that his wife is about to become a mother and that for the past several months he has been suffering from physical ailments, needing medical and dental attention and treatment, all of which costs considerable money. In an affidavit he set forth what *Page 419 
he calls his necessary living expenses and shows that they are $173 per month.
The petitioner appends to her affidavit a statement of the payment and non-payment of maintenance from 1921 to 1928, showing that the defendant at present owes over $600. She, however, will be held to the amount of $300 sworn to by her in her affidavit filed December 5th, 1927, said to be due up to December 1st of that year.
Now, as shown, defendant was committed to jail for contempt in not paying $300. That amount he paid. So all he could possibly owe now is for the one month of last year and nine months of this year, making ten in all, or $500 in amount. But her account also shows payment of $300 this year; therefore, $200 is all he now owes, as shown in her account.
Counsel for Cooper says in his brief that the defendant stopped payments of the maintenance for the reason that he was under the impression he was not obliged to pay further because of the petitioner's second marriage; that during the period of the married life of petitioner and her second husband, 1921 to 1925, he believed that he did not have to make the monthly payments of $50 each; that since the death of Richard Beattie, the petitioner's second husband, she has been receiving a monthly pension of $42 from Hampton township, Hunterdon county, but does not state what the fact is, namely, that the petitioner and her second husband had two or three children, who need the pension for their support; and he further says that defendant believes and maintains that in view of petitioner's remarriage he should no longer be compelled to contribute to her support. The present Mrs. Cooper, defendant's second wife, makes an affidavit and attempts to corroborate him as to certain facts, but most of it is pure hearsay and will not be considered.
The support of his wife and children was the defendant's first duty, and he married the second time in the face of this order and duty. Another thing: When he stopped payments to his wife on account of her remarriage, he never made any defense to the orders to show cause to the effect that the maintenance should be wiped out or reduced, and this is the *Page 420 
first application of the kind that he has made. Quite aside from his alleged right to have this done, nevertheless, a party's first duty is to give absolute obedience to an order of the court; and it is a principle of law that one party will not be relieved of his duty under an order, unless that order is first obeyed. Rigney v. Rigney, 62 N.J. Eq. 8; Warren v. Warren,92 N.J. Eq. 335, 339; Dietrich v. Dietrich, 99 N.J. Eq. 711,712.
In Cape May, c., R.R. Co. v. Johnson, 35 N.J. Eq. 422, it was held that it is an established rule of the court of chancery that it is not open to any party to question the orders of the court, or any process issued under its authority, by disobedience, and even where the order is improvidently granted or irregularly obtained, it must, nevertheless, be respected until it is annulled by the proper authority. And see the remarks of Vice-Chancellor Van Fleet (at p. 424) and cases cited.
In State v. Clerk of Bergen, 25 N.J. Law 209, the defendant Dunn was arrested on a capias in a civil suit, and while in the custody of the sheriff on his way to jail he was rescued from the custody of the sheriff and escaped. Motion was then made on his behalf to set aside the order for bail. It was held that if the defendant wished to test the validity of the order for bail he should have submitted to arrest and gone into custody and given bail to the sheriff, and then sought relief; that being in contempt of the court below the supreme court could not look into the merits of the order or of the proofs on which it was founded; that while in such contempt he had no standing in the court whose process he resists and whose authority he contemns and he is not entitled to be relieved in that court; and the supreme court would not interfere in a case where that court would not.
That case is like this case. There is no present subsisting judgment of contempt here against the defendant, nor was there in that case; but here the defendant is in the position of a contemner, as he was there; he is in default by disobedience of the mandate of the court, and that is the test; he cannot be relieved touching the order while he disobeys and sets it at naught.
The defendant in the case sub judice is an old offender and *Page 421 
contemner. He has several times changed his residence and not discovered his whereabouts, and it has been difficult to locate him; and he stands before the court without a single redeeming feature on this present application.
The result reached is that the defendant will not be heard either to vacate or modify the maintenance heretofore awarded unless and until he pays every dollar of arrearages to the petitioner.