The question requiring decision is whether the proofs support or justify the several mandates of the challenged order.
The parties were divorced in this state. It will serve no useful purpose to detail the several orders made in that cause concerning support of their three children. Suffice it to observe that under the last order so made, the husband was ordered to pay to his wife $20 a week towards their support. The wife sought no support for herself.
The husband was continuously in default. On April 27th, 1937, the wife petitioned the court to have him adjudged in contempt because of an arrearage of $398. Upon a hearing he was, on May 14th, 1937, adjudged in contempt, but with the concurrence of the wife, was given six months within which time to pay the arrearage. Again he defaulted. Thus on December 8th, 1937, the wife again petitioned the court to have him adjudged in contempt. His arrearage then amounted to $1,091.77. The husband answered by denying that he willfully disobeyed the order of the court and pleaded impossibility of performance because of a sharp decline in his earnings. He also counter-claimed for a reduction of the order of $20 a week to $7 a week.
The issues thus presented were heard before an advisory master upon affidavits.
Generally stated, the proofs disclose that the husband is engaged in the sale of automobiles. He receives a weekly wage of $15 plus commissions. From May 1st, 1936, to April 30th, 1937, he earned $1,511.12 and out of that sum he paid $910, or about $17.50 a week on account of the order pending against him. From May 14th, 1937, to December 8th, 1937, he earned $567.26 and out of that sum he likewise paid $98 from May 15th, 1937, to July 27th, 1937, and thereafter paid at the rate of $7 a week, or a total of $238.
The proofs further disclose that the husband has remarried; that his wife works and that both live with his mother whom they pay $18 a week for their board and lodging. *Page 471 
Upon these proofs the advisory master concluded not only that the ex-husband be adjudged in contempt, and that his counter-claim be dismissed, but also that he be committed to the county jail there to remain until he pay the sum of $1,091.77 unless sooner discharged by the chancellor.
As to the husband's counter-claim. While the husband was at the same time and in the same cause a suitor who was in default, the court, under the circumstances of the case at bar, had jurisdiction to entertain his counter-claim. Traudt v. Traudt,116 N.J. Eq. 75.
What is the husband's duty in the circumstances?
It is, of course, settled that the support of children is the father's first duty. Cooper v. Cooper, 103 N.J. Eq. 416, 419.
That duty is continuous. It does not depend upon his prosperity. Strained circumstances should, however, be considered for his present failure to perform that duty. Furth v. Furth,39 Atl. Rep. 128; Robbins v. Robbins, 150 Atl. Rep. 340, 341. What special meritorious circumstances does the husband present?
The proofs as to the husband's general appearance, mode of living, assumption of additional obligations of remarriage, all tend to indicate that he anticipates increases in his earning power. His own statement of income further corroborates that fact. His employer — during certain months of his employment — made advances to him in like anticipation of his future earnings. Nothing is made to appear that the husband has changed his mode of living to effect economies. Clearly sufficient time has not elapsed to demonstrate the futility of the challenged order as to the weekly payments required thereunder.
We are therefore of the opinion that the mandate of the challenged order requiring the husband to pay $20 a week for the support of his children should not presently be modified or otherwise disturbed. Accordingly, the dismissal of the husband's counter-claim is affirmed.
As to the adjudication of contempt and imprisonment. Our careful study of the proofs submitted do not satisfy us that the husband acted either in bad faith or that he trifled *Page 472 
with the court. Fischbein v. Fischbein, 111 N.J. Eq. 446. On the contrary, the proofs do satisfy us that the husband, without fault on his part, is merely presently unable to obey or comply with the challenged order; and that his present lack of earning power is due to the sharp decline in the sale of automobiles for the period in question. This status the husband apparently regards and accordingly treats as temporary. It may well be so. And if so, he may soon not only be able promptly to obey and comply with the order pending against him but may also be able to pay all of his arrearages. Neither his industry or earning power is challenged. And, moreover, it is well settled that the inability of an alleged contemner, without fault on his part, to render obedience to an order of the court is a good defense to a charge of contempt. 12 Am. Jur. 438, 439 § 72; 1 R.C.L. 962§ 105; 13 C.J. 95 § 148.
We are of the opinion that the proofs do not presently support the adjudication that the husband was in contempt of the court and that he be imprisoned. Accordingly, these adjudications are reversed.
The cause is remanded to the court below there further to be treated consistently with this opinion. No costs are allowed to either party.
For affirmance — THE CHIEF-JUSTICE, HETFIELD, WOLFSKEIL, RAFFERTY, WALKER, JJ. 5.
For reversal — TRENCHARD, PARKER, CASE, DONGES, HEHER, PERSKIE, PORTER, DEAR, WELLS, JJ. 9. *Page 473