11 N.J. Super. 134 (1950)
78 A.2d 152
JOSEPH GEIGER, PLAINTIFF,
v.
OTTILIE K. METZ, INDIVIDUALLY, AND AS EXECUTRIX OF THE ESTATE OF PETER W. METZ, AND HERMANN H. METZ, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided December 14, 1950.
*135 Mr. Hyman H. Bernstein, attorney for the plaintiff.
Messrs. Mills, Jeffers & Mountain (Mr. Worrall F. Mountain, Jr., appearing), attorneys for the defendants.
JOSEPH L. SMITH, J.S.C.
This matter comes before the court on motion for summary judgment in behalf of the plaintiff, *136 relying upon the affidavit attached to said motion, oral argument and briefs.
It seems to me that a question that eventually must be considered by the court is whether or not the rights of the plaintiff under the chattel mortgage were merged in the judgment recovered by the plaintiff against the defendant.
Corpus Juris Secundum, vol. 14, Chattel Mortgages, page 1071, states:
"The mortgagee does not get legal title to the property under a judgment of foreclosure, but only a lien on the property, and the mortgage becomes merged in the judgment and has no further vitality as long as the judgment stands."
Citing in the footnotes: Spokane Merchants Ass'n. v. Colville First Nat. Bank, 86 Wash. 367, 150 P. 434.
American Jurisprudence, vol. 30, Judgments, § 158, page 906:
"Upon the merger of a cause of action in a judgment, the old debt ceases to exist and the new judgment debt takes its place. The judgment becomes the evidence of the debt, or the sole test of the rights of the parties, in the sense that a proceeding in reference thereto should be founded on the judgment. However, the merger of a cause of action in a judgment does not mean an annihilation and discharge of the debt, * * *."
And page 907:
"160. Security for Original Debt. The general rule is that a lien securing a debt which becomes merged in a judgment is not affected by such merger. If a debt is of such a character that a lien is given by common law or statute, the merger of the judgment does not involve a merger of the lien, and the latter may continue until the debt is satisfied."
And Ruling Case Law, vol. 21, Pledge, § 18, page 653:
"* * * The rule that a collateral security can be held or applied only upon the obligation which it was given to secure does not, however, prevent its retention for and application to the satisfaction of *137 that obligation in any changed form. Thus though the principal debt is prosecuted to, and merged in, a judgment, the right to hold the security is not lost. It may be held for and applied to the satisfaction of the judgment. 32 A.S.R. 717."
I now refer counsel to the rule under election of remedies, cited in Corpus Juris Secundum, vol. 28, page 1063:
"b. The doctrine of the election of remedies, that the pursuit of one remedy will exclude the pursuit of another, applies only to those cases in which the party has two or more remedies which are inconsistent with each other, and has no application to a state of facts where the remedies available to him are concurrent and consistent. Where the law furnishes a party with two or more concurrent and consistent remedies he may prosecute one or all until satisfaction is had; but a satisfaction of one is a satisfaction of all. He may select and adopt one as better adapted than the others to work out his purpose, but his choice is not compulsory or final. Where the remedies afforded are inconsistent, it is the election of one of such remedies which operates as a bar; but where the remedies afforded are consistent, it is the satisfaction of the claim which operates as a bar.
"In accordance with the foregoing rules, a creditor may pursue more than one remedy at the same time if reasonable and necessary to collect debts, where none is oppressive and vexatious. So, where a creditor has collateral security for his claim, he may prosecute simultaneously whatever actions in law or equity he may have on the principal or collateral obligations; and a creditor who holds several securities for the same debt has the right to realize the payment of his claim from any of them."
Rossiter v. Merriman, 80 Kan. 739, 104 P. 858 (Sup. Ct. 1909). In a suit upon a mortgage and note, the court stated in reference to the lower court's action:
"The appellant was denied a foreclosure of this mortgage, not because of waiver, extinguishment, or satisfaction, but because the note for the payment of which the security was given had become merged in the personal judgment rendered * * *. It is also clear that, when the * * * note was reduced to judgment, it became merged in the judgment, and could not thereafter he made the foundation of a subsequent cause of action. (Cases omitted.) However, the merger and extinguishment of the note did not discharge the debt nor extinguish the mortgage. The form of the debt was changed, but the debt itself for which the mortgage was security remained in full force * * *."
*138 And at page 860:
"* * * In Iowa it was held that `the holder of a note secured by a mortgage may take judgment upon the indebtedness due at law without thereby waiving or releasing the lien of the mortgage, and may subsequently, if he sees fit, bring his action to foreclose such lien within the life of the judgment thus procured.' Gilman v. Heitman, 137 Iowa 336 * * *. In Priest v. Wheelock, 58 Ill. 114, where the effect of taking judgment upon a note was considered, it was said that `that instrument was given to secure the debt, and it was immaterial what form it assumed whether an account, note, or judgment. The substance, and not the mere form, is regarded in equity, and hence the pledge was to secure the payment of the money, and not a mere extinguishment of the note by the debt assuming another form. Because the judgment extinguished the note, it does not follow that the mortgage was discharged, or the lien it created on the premises was extinguished. The lien on the lots still continued to secure the payment of the debt then evidenced by the judgment.' In I Jones on Mortgages, Section 936, there is a statement of the general rule, well supported by authorities, that `the merger of a note in a judgment does not extinguish the debt, and the mortgage continues a lien until it is satisfied or the judgment is barred by the statute of limitations.' (Cases omitted.) * * * On these facts and the authorities cited the appellant is entitled to recover the debt evidenced by the judgment, and to a foreclosure of the mortgage given to secure the debt * * *. Judgment reversed * * *."
It may well be that the plaintiff had the right to bring either action he chooses, execution and levy under the judgment or sale under the Chattel Mortgage Act, and that if one action is unsuccessful he may proceed with the other. However, the plaintiff chose to satisfy the debt by a sale, upon notice under the Chattel Mortgage Act.
After forfeiture, the title of a mortgage to chattels mortgaged is absolute at law, and he may, upon due notice to the mortgagor, sell them for the satisfaction of his debt without the aid of a Court of Chancery. Hall v. Bellows, 11 N.J. Eq. 333 (1857); Long Dock Co. v. Mallery, 12 N.J. Eq. 431 (1858); Chapman v. Hunt, 13 N.J. Eq. 370 (1861); Bird v. Davis, 14 N.J. Eq. 467 (1862); Freeman v. Freeman, 17 N.J. Eq. 44 (1864).
In Freeman v. Freeman, supra, Chancellor Green held, at page 47:
*139 "* * * A sale of the chattels by a mortgagee or pledgee, in the absence of statutory regulations, is attended with some difficulty and embarrassment. The conduct and fairness of the sale, and the rights acquired under it, are always open to investigation at the instance of the mortgagor or pledgor. Morris Canal & Banking Co. v. Fisher, 1 Stockt. 667, 687-9; Same v. Lewis, 1 Beas. 323. On these accounts a sale under judicial sanction is safer, and where the amount is large, advisable."
In Bird v. Davis, supra, Chancellor Green said, at page 474:
"After forfeiture, a mortgagee in possession may make sale of the chattels mortgaged upon due notice thereof to the mortgagor. But the creditor will be held, at his peril, to deal fairly and justly with the property, both as to the time of the notice and the manner of the sale. 2 Story's Eq. Jur., section 1031; Story on Bailments, section 310, and note 4, 2 Kent's Com. 583. * * *."
And at page 475 he further said:
"* * * If, however, the defendant can show before the master that the articles were sold unfairly, and at an under price, he will be permitted to do so, and will be allowed their fair value. So, also, he will be permitted to show that the commissions and charges made upon the sales at auction were unusual or exorbitant. * * *."
It is equally well settled that equity will more readily set aside foreclosure sale at which mortgagee is the purchaser. Rosenblatt v. Premier Dyeing Co., 101 N.J. Eq. 569 (1927); Campbell v. Gardner, 11 N.J. Eq. 423 (1857).
From the affidavit of Harry A. Chesler, submitted by the defendant, it appears that the chattels in question were appraised at approximately $7,000, $6,000 for the cattle and $1,000 for farm animals and equipment. In light of such evidence a court of equity would no doubt set aside the sale of the chattels in question for the mere sum of $500.
The chattels were purchased by the mortgagee for $500. Thereafter the sum of $450 was deducted for payment to the constable, leaving only $50 to be applied on the judgment. Is this equitable and just?
An equity court might well order a sale under the jurisdiction of the court.
*140 However, the court, at this time, is without the benefit of the necessary evidence which would be present at a trial of the issues. In Louis A. Cross Co. v. Margolis, 136 N.J.L. 453 (Sup. Ct. 1948), Justice Burling stated, at p. 455:
"The legal points that have been raised with respect to the alleged agreement are not presently susceptible of determination until the entire facts are more fully elicited as the result of direct and cross examination of witnesses."
In this motion for summary judgment there have been conflicting versions of the facts presented, which lend to widely varying inferences which may be drawn by the court. A summary judgment should only be granted if it is obvious that there is no genuine issue and that, as a matter of law, the moving party should have judgment (Rule 3:56-3). Hodes v. Dunsky, 5 N.J. Super. 333 (App. Div. 1949); Mitchell v. Wrightstown Community Apartments, 4 N.J. Super. 321 (App. Div. 1949).
The court therefore desires to have the facts fully presented by trial evidence so that the legal rule may be more intelligently considered and applied.
The motions are denied.