ROSANNA CARLEY, petitioner-appellant,

*v.*

JOHN CARLEY, defendant-respondent.

[Submitted October term, 1941. Decided February 4th, 1942.]

*Messrs. Ziegener & Brenner,* for the petitioner-appellant.

*Mr. Wallace P. Berkowitz,* for the defendant-respondent.

PER CURIAM.

These parties were married in 1931, and for the husband's desertion, a decree of divorce was awarded the wife in 1937. There were no children. Alimony in the amount of $40 per month was allowed in the decree. Thereafter the husband remarried. A child of that marriage was born. The husband earns $224 a month as a police officer. The former wife goes to business in New York City and receives a wage of $20 per week. Besides her own living expenses and necessary expenditures in going to and from work, she maintains her mother, who is unemployed.

The former husband, Carley, filed a petition in the Court of Chancery praying for a modification of the order for alimony theretofore made, in which he says that he owes money to a bank, is further indebted for a balance due for furniture purchased, and is further obligated for a hospitalization bill for his infant child·and the illness of his present wife; that the amount he receives as salary is not sufficient to permit him to pay his living expenses, reduce his outstanding debts and pay the alimony in question. His former wife says that he is in arrears in the matter of alimony, and the advisory master so found, the arrears amounting to between $300 and $400. The matter was heard on affidavits.

The learned advisory master vacated the alimony order. The former wife appeals.

The duty of a husband to support a former wife under these circumstances is a subsisting one and continues until it is no longer possible for him to do so. With complete knowledge and understanding of his duty under the court's decree he entered into a new marriage, and undertook additional responsibilities. By his own act he made it more difficult to live up to the order of the court in the matter of the support he owed to his former wife.

The fact that the husband was in arrears weighed heavily with the advisory master and seemed to be more or less the basis for vacating as of April 1st, 1941, the order in question although the husband was not relieved of the past-due installments.

His obligation to the appellant should not, under the circumstances, be terminated, even temporarily, and yet it should not be considered except in conjunction with his new responsibilities. Carley's duty to support his present wife and their child cannot be minimized. Considering the entire situation, we think that his contribution to his former wife should be reduced to $20 per month. The matter is therefore remanded to the Court of Chancery with instructions to enter an order allowing the appellant, Rosanna Carley, the amount of $20 per month, from April 1st, 1941, payable in installments of $10 on the 1st and 15th of each month, the arrearages to be liquidated at a minimum rate of $5 per month, also payable in semi-monthly installments.

*For modification*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, THOMPSON, JJ. 15.