THOMAS F. VESEY, PROSECUTOR, v. ALFRED DRISCOLL, COMMISSIONER OF ALCOHOLIC BEVERAGE CONTROL, RESPONDENT.

Argued October 4, 1944—Decided December 15, 1944.

Before BROGAN, CHIEF JUSTICE, and Justices DONGES and PERSKIE.

For the prosecutor, *Bernard S. Wildstein* (*George R. Sommers,* of counsel).

For the respondent, *Walter D. Van Riper,* Attorney-General (*Joseph A. Murphy,* Assistant Attorney-General, of counsel).

The opinion of the court was delivered by

PERSKIE, J. The language of the writ in this case brings up for review the propriety of an order of the State "Commissioner" of Alcoholic Beverage Control "suspending" prosecutor's plenary retail consumption license, and allegedly "disqualifying" him from "holding a liquor license" or "being employed upon licensed premises in this state" (*R. S.* 33 :1–25 and 26).

Prosecutor concedes that the "material and controlling" facts are not "substantially" in dispute. These facts disclose that the Commissioner in writing charged prosecutor, "a retail licensee," (1) with having "purchased four cases of assorted alcoholic beverages" without "special permit," from one Christopher J. Mohr, a person "not" the holder of a "New Jersey manufacturer's or wholesaler's license," in violation of rule 15 of State Regulations No. 20, and (2) that prosecutor was convicted in the Second Criminal Court of the City of Newark of the crime of receiving stolen goods (namely, the liquor which, under the first charge, prosecutor was charged with having illegally purchased) ; that the crime involves moral turpitude (*R. S.* 33 :1–25), and that such conviction was an "act or happening" which if it had occurred before prosecutor had applied for his current license would have prevented the municipal board of Alcoholic Control of Newark from having issued said license to him. *R. S.* 33 :1–31 (i).

The Commissioner fixed a time and place for the hearing on the charges and required prosecutor to show cause why the license which had been issued to him by the Newark board should not be "suspended or revoked." To the charges preferred against him by the Commissioner, prosecutor entered in substance the following written pleas: to the first charge he entered a plea of *"non vult"* and as to the second charge he admitted the conviction therein stated but denied that such a conviction involved moral turpitude within the meaning of the statute.

At the hearing the "entire file" of the criminal case was, by stipulation of counsel for the respective parties, "marked" in evidence, to be "reviewed" by the Commissioner. Because that file disclosed, among other things, that the sentence (one year's probation) was based upon prosecutor's plea of *non vult* to the charge of having unlawfully and feloniously received the liquor in question knowing that it had been feloniously stolen, counsel for prosecutor maintains here as below that while the judgment, on the sentence, entered in the criminal court, "amounts to a conviction in that court," nevertheless, such a judgment was not dispositive of the question of whether it involves moral turpitude; but that all the facts and "circumstances attendant upon the commission of the offense usually furnish the best guide." *Rudolph* v. *United States,* 35 *App. Div.* 362; 6 *Fed. Rep.* (2d) 487; 40 *A. L. R.* 1042; *certiorari* denied, 269 *U. S.* 559; 70 *L. Ed.* 411. Such circumstances were urged as factors to be considered by the Commissioner in mitigation of the offense. In the words of counsel for prosecutor, "We come in on the sole question of whether or not moral turpitude is involved."

Notwithstanding prosecutor's stated defense the parties in fact submitted their respective proofs on the merits of both charges. Upon the proofs so submitted, the Commissioner, on February 29th, 1944, filed what is captioned as his "Conclusions and Order." See *R. S.* 33:1–38. He concluded that the crime (receiving stolen goods) to which prosecutor pleaded *non vult* in the criminal court was a crime which, under all the circumstances, involved moral turpitude (see caveat expressed at *pp.* 575, 576, in *Schireson* v. *State Board*

*of Medical Examiners,* 130 *N. J. L.* 570; 33 *Atl. Rep.* (2d) 911, and also 43 *Harvard Law Review* 117, 119); and that inasmuch as prosecutor had otherwise enjoyed a clear record for the ten years that he had been a license holder, he (Commissioner) would not revoke prosecutor's license, as he might have done (*R. S.* 33:1–31 (i)), but would only suspend prosecutor's license for the balance of its then term which expired on June 30th, 1944; the Commissioner further *concluded* that he would entertain a petition from a *bona fide* transferee of the license to lift the suspension after at least 90 days of the suspension had been served. Additionally, the Commissioner *stated* in his conclusions that in no event might prosecutor receive any renewal of his license because he was mandatorily disqualified from holding such a license (*R. S.* 33:1–31 (i); 33:1–25), nor might he be employed upon licensed premises in our state. *R. S.* 33:1–26.

Notwithstanding the aforesaid conclusions reached and statements made by the Commissioner, the order which the Commissioner entered (February 29th, 1944) pursuant thereto, and here under review, provides (1) that prosecutor's plenary retail consumption license which had been issued to him by the local board of Newark for his premises at 75 Orange Street, Newark, New Jersey, be suspended for the balance of its term, effective March 6th, 1944, and (2) that application may be made by a *bona fide* transferee of the license to lift such suspension upon the expiration of 90 days from the effective date of the suspension. (Parenthetically, we mark the fact that we are told—and it is not denied—that the Commissioner, on June 5th, 1944, lifted the suspension upon proof to his satisfaction that prosecutor had transferred his license to a *bona fide* purchaser.)

Although the order, as we have seen, makes no provision as to the Commissioner's disqualifying statements concerning the prosecutor, nevertheless prosecutor set down and argues (1) that the Commissioner erred in ruling that prosecutor is mandatorily disqualified from holding a license or being employed upon licensed premises in the state under *R. S.* 33:1–25 and 26 because the statute only disqualifies one who has been *"convicted"* of a crime involving moral turpitude,

that prosecutor has *"never"* been convicted of such an offense although he did plead *non vult* to the charge of receiving stolen goods (the liquor referred to in the first charge) and was sentenced on said plea. *Schireson* v. *State Board of Medical Examiners, supra.* The second ground is that the crime of receiving stolen goods is not, under all the surrounding facts and circumstances, one involving moral turpitude.

In our view of this case, on the record as submitted, there is neither need to detail the argument, *pro* and *con,* of the respective parties on the stated grounds of appeal, nor warrant to determine their efficacy. For, whether the disqualifying statements made by the Commissioner in his conclusions, namely, that in no event might prosecutor receive a renewal of his license, and that prosecutor might not be employed upon licensed premises, be characterized as reasons, conclusions, or opinion, the order entered by the Commissioner "pursuant thereto" (*R. S.* 33:1–38) makes no adjudication of them; they simply are no part of the order. However "hurtful" such statements may be to prosecutor they are not subject to review by *certiorari. Morgan* v. *Burnett,* 121 *N. J. L.* 352, 355; 2 *Atl. Rep.* (2d) 339.

The view we take of this case is that we are not concerned with the reasoning or statements set down in the conclusions of the Commissioner. Our sole concern is whether the result he reached as here evidenced by the order entered is correct. *McCarty* v. *West Hoboken,* 93 *N. J. L.* 247; 107 *Atl. Rep.* 265; *Central Railroad Company of New Jersey* v. *State Tax Department,* 112 *N. J. L.* 5, 16; 169 *Atl. Rep.* 489; *certiorari* denied, 293 *U. S.* 568; 79 *L. Ed.* 667; *Wyckoff* v. *Monmouth County,* 127 *N. J. L.* 268, 271; 21 *Atl. Rep.* (2d) 791. We hold that it is correct. Prosecutor, as we have seen, pleaded *"non vult"* to the first charge which the Commissioner had preferred against him, namely, that he had purchased four cases of assorted liquors from Mohr contrary to rule 15 of State Regulations No. 20. Apart from his plea of *non vult* to this illegal purchase of liquor, the proofs in support of prosecutor's guilt are plenary. Admittedly, these proofs, as all other "material and controlling" proofs in this case, are not in "substantial" dispute. And there is no suggestion that

a violation of rule 15 of State Regulations No. 20 does not authorize the suspension of the license here ordered.

The writ is dismissed, with costs.