LILLIAN L. RAMHORST, petitioner-appellant,

*v.*

FRED L. RAMHORST, defendant-respondent.

[Submitted May 21st, 1946.   Decided September 13th, 1946.]

*Messrs. Strong & Strong (Mr. John V. R. Strong,* of counsel), for the appellant.

*Mr. Heston N. Potts,* for the respondent.

PER CURIAM.

In 1940 appellant obtained a final decree of divorce in this state against respondent.   In that proceeding appellant was

awarded the custody of the two children of the marriage and alimony and maintenance in the sum of $27.50 per week.

It appears that respondent made regular payments under that decree until October, 1943, when he was inducted into the federal military service. Thereafter, and until July, 1944, appellant received no moneys from respondent, but in that month she received a federal government allotment check in the amount of $117. These allotment payments to appellant continued at the rate of $95 per month until April, 1945, when they were reduced to $75 per month, apparently because one of the minor children had reached the age of eighteen years, and were received by appellant until respondent was separated from military service in October, 1945.

In December, 1945, respondent made application for reduction of the maintenance award originally entered, alleging as grounds therefor that the elder daughter of the marriage had become eighteen years of age, was gainfully employed and was self-supporting, and that appellant was gainfully employed and self-supporting.

Appellant resisted this application setting forth that respondent was $852.50 in arrears in payments under the original order; that she received no government allotment on the initiative of respondent but wholly through her own efforts and through the good offices of the American Red Cross; that she had been seriously ill for several years, having been hospitalized on two occasions, thereby incurring medical and hospital bills in an amount exceeding $600; that on one occasion she was a charity patient in a hospital because of lack of funds to pay for treatment and that the elder daughter of the marriage had necessarily incurred a dental bill in the amount of $55. She stated further that respondent was president and business agent of a labor union and that he had or shortly would resume his office in the union as well as his regular employment as a motion picture machine operator. She admitted that both she and the daughter were employed but stated that, due to the greatly increased cost of living, the combined income was insufficient to support appellant and the two children.

Appellant asked that the medical bills alluded to be added to the amount of alimony arrearage and that there be no reduction of the amount provided for in the original proceeding.

The order of the court below, which is the order here appealed from, modified the original payment order to provide for the payment of $15 per week for the support and maintenance of petitioner and the younger daughter of the marriage. It adjudged that the arrearage amounted to $715 and that this should be discharged by respondent at the rate of $2.50 per week, and reserved to appellant the right to make further application respecting the $15 per week payment after the adjudged arrearage of $715 had been paid.

It is clear that the order appealed from must be revised in this court.

There is credible proof that, at the time of the entry of the order appealed from, respondent was in receipt of a net income averaging $72 per week. Appellant's affidavits suggest that respondent has an additional income from the labor union, of which he is an officer, but there is no proof of this. The fact that appellant and the elder daughter of the marriage are gainfully employed is not controlling but is merely a circumstance to be considered in the fixing of the obligation of the divorced husband in the premises. There is no denial by respondent of the necessity for the medical expenses set forth by the wife and daughter, nor any dispute as to the reasonableness of the charges therefor. We conclude that the burden of proof showing changed circumstances which would justify the reduction sought by respondent was not met by him and that the drastic reduction in the amount of the weekly payments made in the order appealed from was unjustified and should be amended to provide the sum of $22.50 per week.

With respect to the matter of arrearage we find nothing to sustain the finding that they amount to $715. The affidavit of appellant sets forth that the arrearage is $852.50. This is not in any manner denied and there is no explanation in the record nor by way of opinion from the court below as to the finding that only $715 is due. We are of opinion that

the amortization of this obligation at the rate of $2.50 per week is inadequate and that the matter should be remanded to Chancery for further examination into the questions of the actual amount of arrearage and the faculties of respondent to determine whether the discharge of the obligation should not be substantially accelerated.

The final point is that the order contravenes the right of appellant to make application from time to time as circumstances may require respecting the amount to be paid by respondent for alimony and support by postponing the exercise of this right to the time that respondent shall have paid the amount of arrearage adjudged. The point is well taken. The right of either party to make application to the Court of Chancery at any time for a just variation of the terms of an existing order for alimony and support is inherent in our matrimonial procedure. *R. S. 2:50–37 et seq.* The abridgement of this right in the order appealed from cannot be sustained and it is hereby reversed.

The cause is remanded to the Court of Chancery for further proceeding in accordance with this opinion.

*For modification*—THE CHIEF-JUSTICE, PARKER, BODINE, DONGES, HEHER, PERSKIE, COLIE, OLIPHANT, WACHENFELD, WELLS, RAFFERTY, DILL, FREUND, McGEEHAN, McLEAN, JJ. 15.