GEORGIANNA SEAMAN LAWTON, petitioner-appellant,

*v.*

CHARLES HERBERT LAWTON, defendant-respondent.

[Submitted February term, 1947. Decided April 24th, 1947.]

*Messrs. Slingland, Houman & Bernstein (Mr. George K. Slingland,* of counsel), for the petitioner-appellant.

*Mr. J. Chester Massinger (Mr. Martin Kimmel,* of counsel), for the defendant-respondent.

The opinion of the court was delivered by

WACHENFELD, J.

A final decree of divorce was entered in this cause on October 10th, 1942, following which the appellant married William Dean, who was mentioned in the original proceedings, and since the marriage they have operated a tavern in Riverdale, New Jersey. The respondent likewise remarried after the entry of the final decree.

Two children were born of the marriage, to wit, Winifred. the older girl, and Marcia, the younger. The decree *nisi* awarded custody of both children to the appellant but re-

served the right of the respondent to apply for right of visitation. The father encountered financial difficulties and was required to go to Baltimore to secure employment, so the application was not then made. The daughter Winifred, however, of her own volition went to live with him and continued to reside there until she married.

Originally, there was an order to pay the sum of $15 per week for the support of both children and there was due a certain amount of money for the support of Marcia, as a result of which a petition was filed to hold the respondent in contempt. The court below dismissed this petition in an order dated February 15th, 1946, and directed that the respondent be accorded the right of visitation with Marcia in the home of the respondent in Matawan over one week-end in each month and continuously during the month of July of each year. The order further provided that upon the failure of visitation of Marcia at the times and place specified in the order, the provisions made for her support should *ipso facto* terminate and be void.

The appeal is from that order and sets forth many grounds that have no substance and will therefore not be specifically dealt with in this opinion. As to the contention that there was no notice given, it is sufficient to say the record shows a petition for leave to visit filed April 18th, 1945, in which a prayer is made requiring the appellant to show cause why she should not permit the daughter Marcia to visit her father. This phase of the case was properly before the court and we are satisfied the appellant was fully cognizant of it.

This is not an application for custody but is merely the adjudication of the rights of visitation of the father with his daughter. The testimony indicates the disposition made by the advisory master below is sound, equitable and just, with the exception of that portion of the order which provides:

"It is further ORDERED that upon the failure of said infant Marcia Ella Lawton to visit the defendant at the times and place herein provided, that all orders of this court respecting support for said infant shall *ipso facto* terminate and be void."

This prejudges and decides the issue without knowledge of the facts or circumstances as they might occur. The visits

provided for may be prevented for numerous reasons which would in no way justify the infliction of a penalty. A preconception and determination of an anticipated but unknown state of facts is not a proper judicial procedure.

The portion of the order hereinbefore referred to is set aside and vacated; otherwise the order under review is affirmed, without costs as against either party.

*For modification*—THE CHIEF-JUSTICE, PARKER, BODINE, DONGES, HEHER, COLIE, WACHENFELD, EASTWOOD, WELLS, RAFFERTY, DILL, FREUND, McGEEHAN, McLEAN, JJ. 14.