FRANCES · B. STRAVER, petitioner-appellant,

*v.*

DANIEL STRAVER, defendant-respondent.

[Submitted May term, 1947.   Decided September 25th, 1947.]

*Messrs. Riker, Marsh & Scherer,* for the petitioner-appellant.

*Messrs. Coult, Satz, Morse & Coult,* for the defendant-respondent.

The opinion of the court was delivered by

WELLS, J.

This is an appeal from an order of the Chancellor made on the advice of former Advisory Master Matthews, modifying the provisions of a decree for a divorce with respect to the amount of support to be paid by the father, the defendant-respondent, for the support of his child, who is in the custody of her mother, the petitioner-appellant.

This cause has its origin in a decree *nisi* entered January 7th, 1932, wherein a divorce was granted petitioner from the defendant. The decree also ordered the defendant to pay the petitioner the sum of $25 per week for one year and $20 per week thereafter for the support of the infant child. There is proof that for many years the defendant did not comply with this order, but in 1939 did pay $7 a week, which together with irregular extra payments almost spelled out a compliance with the order. Even these reduced payments ceased on May 24th, 1945, when the child became 16 years of age. Shortly thereafter the petitioner began contempt proceedings, and defendant thereupon resumed his payments and continued the same at the rate of $20 per week until June 30th, 1946, when defendant again stopped payments. On July 8th, 1946, defendant began these proceedings in the Court of Chancery to revise and modify the support order. The proceedings, however, were not moved until October 8th, 1946.

Affidavits were submitted by the defendant, the petitioner and the child, and based upon these the advisory master on October 29th, 1946, entered an order reducing the amount of the support of the child from $20 to $7 per week commencing with July 1st, 1946. The advisory master filed no conclusions and gave no reasons for decreasing the allowance.

Subsequently, on January 7th, 1947, the defendant executed, and on January 8th, 1947, filed, without any order or permission of any court, a more detailed affidavit. This occurred two days after the advisory master had resigned from his office and more than two months after he had advised and filed the modifying order appealed from.

The defendant would have us consider this supplemental affidavit as part of his proof. This obviously could not have been considered by the advisory master, nor can we consider it here as it is not properly a part of the record, although printed in the state of the case.

The petitioner, on the other hand, would have us hold that it was error for the Court of Chancery to refuse her requests to present testimony and cross-examine the defendant on his affidavit. In support of her contention petitioner cites *Test* v. *Test, 131 N. J. Eq. 197; Paradise* v. *Paradise, 120 N. J. Eq. 111;* and *Cropsey* v. *Cropsey, 104 N. J. Eq. 187,* wherein the right to take testimony and cross-examine in cases of this kind was upheld. It should be noted, however, that these cases also hold that the refusal of a trial court of an oral hearing in a divorce proceeding does not constitute error in the absence of a request for such hearing after a submission of the subject-matter on affidavits. The petitioner asserts that these requests were made by her counsel and refused by the advisory master. The defendant's counsel, on the other hand, states that the record fails to disclose any formal request on the part of the petitioner to take testimony or cross-examine the defendant. We find nowhere in the state of the case any such request, formal or otherwise, and the absence thereof makes the cited cases inapplicable and of no avail to petitioner on this point. However, it is apparent from the briefs that conferences were held informally between the advisory master and counsel of the respective parties, of which there was no record, and at which oral requests for an oral hearing might well have been made. Be that as it may, we must be governed by the record before us.

Nevertheless, our examination of the affidavits in the record, which were properly before the advisory master, leads us to the conclusion that they did not present sufficient facts upon which to base the order appealed from.

In *Royce* v. *Royce, 124 N. J. Eq. 469,* this court affirmed a decree of the Court of Chancery dismissing the husband's counter-claim for the modification of an order for the support of his children on the ground that nothing was made to appear that the husband had changed his mode of living to

effect economies, and in *Ramhorst* v. *Ramhorst, 138 N. J. Eq. 523,* we held that the burden of proof showing changed circumstances which would justify the reduction sought by the husband was not met by him and that the drastic reduction in the amount of weekly payments made in the order for the support of the wife and children was not justified.

A somewhat similar situation exists in the instant case and might well justify a complete reversal of the order of the court below, but we are of the opinion that when, as here, the issue is of such paramount importance and the record so incomplete and confused "due process of law" would best be satisfied if the issue were determined in an orderly procedure on due notice and oral proofs.

The order under review is, therefore, reversed with costs, and the cause will be remanded to the court below where the issue shall be tried consistently with this opinion.

*For affirmance*—None.

*For reversal and to remand*—THE CHIEF-JUSTICE, BODINE, DONGES, HEHER, COLIE, WACHENFELD, EASTWOOD, BURLING, WELLS, DILL, FREUND, MCGEEHAN, MCLEAN, SCHETTINO, JJ. 14.