WILLIAM BOORSTEIN, petitioner-appellant,

*v.*

RUTH BOORSTEIN, defendant-respondent.

[Argued February 6th, 1948.   Decided May 13th, 1948.]

*Mr. William Boorstein, pro se,* for the petitioner-appellant.

*Messrs. Collins & Corbin,* for the defendant-respondent.

PER CURIAM.

The present appeal brings before us for review an order of the Court of Chancery denying the appellant's prayer "that the final decree for the payment of alimony and support be modified and revised   *   *   *." He also appeals from that part of the order which requires him to pay the costs of the respondent, including a counsel fee to respondent's solicitors in the sum of $250.

The appellant previously instituted a proceeding against respondent for divorce, but his petition was dismissed by final decree entered on November 29th, 1945.   On his appeal we affirmed.   *Boorstein* v. *Boorstein, 138 N. J. Eq. 143.*   That decree directs the husband "to pay the wife   *   *   *   the sum of $30 weekly for her support and $20 weekly for the

support of the child * * *." It is the foregoing provisions of support money that the appellant now seeks to have modified and reduced. The learned Advisory Master, after taking proofs, concluded that upon a "review and consideration of all of the facts and circumstances * * * the challenged decree as to the weekly payments required thereunder * * * should be continued unmodified." We agree with the Advisory Master's conclusions.

The appellant had the burden of showing that his financial status and his ability to earn money for the support and maintenance of his wife and child in the station of life in which they are entitled to be supported and maintained, had changed since the date of the entry of the final decree. In our opinion he has failed in this respect. In *Rigney* v. *Rigney, 62 N. J. Eq. 8,* Chancellor Magie held that petitioner "must exhibit changed circumstances and new facts which have arisen since the decree. To succeed on such an application, there must be clear proof of such new facts and circumstances as will justify and require a variation in the amount of alimony allowed, either increasing or diminishing it. * * * There must appear to be cogent reason for diminishing the amount of alimony."

The appellant is a member of the Bar of this State since the May term, 1927. In addition to his earnings and his capacity to earn from the practice of his profession, he enjoyed the income from a trust fund created by his parents for his benefit and from the management of certain real estate. He testified that the trust fund had been terminated and that he no longer receives any income from the management of the real estate. The appellant produced no corroborative proof either by testimony, books of account, records or documents to substantiate his claim of the loss of income from these sources. We do not hold that corroboration was necessary, but appellant's testimony would have been more impressive, more convincing and more credible if it had been corroborated. But, even if we assume the truth of appellant's assertion in these respects, nevertheless we find no such changed circumstances or new facts in his financial status and ability to earn money as would justify the reduction of

the modest weekly payments required to be paid by appellant to his wife and child for their support and maintenance.

The allowance of $250 to respondent's counsel we consider to be fair and reasonable.

The order entered below is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, BODINE, DONGES, HEHER, WACHENFELD, EASTWOOD, BURLING, WELLS, DILL, FREUND, McLEAN, SCHETTINO, JJ.  12.

*For reversal*—None.