This matter is opened to fix the form of judgment and allowance for counsel fee and costs. There are three motions which were heard as one.
The defendant by his motion seeks a reduction in the amount of his monthly alimony payments. I determined to dismiss this motion on two grounds: (1) that because of his delinquencies his application for relief could not be entertained (Cooper v.Cooper, 103 N.J. Eq. 416 (Ch. 1928)), and I could find no mitigating circumstances by way of a substantial compliance with the existing order as in Traudt v. Traudt, 116 N.J. Eq. 75
(E. A. 1934); Williams v. Williams, 12 N.J. Misc. 641
(Ch. 1934); (2) that even though the application were to be considered on the merits notwithstanding defendant's delinquencies, there was insufficient evidence to support a showing of such a change in circumstances as would justify a reduction.
The only witnesses presented on the part of the petitioner were himself and his personal accountant. The accountant's records seem to have been prepared for the most part from information furnished by the petitioner and not from a routine whereby the figures found their way from their source into the accounts. Such testimony as the accountant was able to give was cumulative and lacking in the elements which would give it value as corroboration. The petitioner set up that his misfortunes arose out of new federal regulations and rules of the Stock Exchange affecting the type of transactions handled by him and methods of doing business. He brought no one familiar with the situation to explain it or to corroborate his statement.
The plaintiff by countermotions sought: first, an increase in her alimony; and, secondly, to hold the defendant in contempt for failure to make the required payments.
The first of these two motions I determine to dismiss, because of the failure of the plaintiff to show a change in circumstances as to her own needs or the means and ability of the defendant to pay an increased amount.
As to the second, I found that the failure of the defendant to make payments as required under the existing order is *Page 404 
clear; that his conduct has been contumacious and that the order should contain the usual provisions declaring him to be in contempt and for punishment.
Plaintiff's counsel contends that before the defendant can purge himself of his contempt he should pay all arrears up to the date of the order. This is sometimes done, but is not in accord with existing law. The order should cover the amount due as of the date of filing the petition; as to arrears subsequent thereto defendant is entitled to his day in court and such arrears should be made the subject of another proceeding. It was determined at the hearing that the amount due was $4,450.
Defendant now comes by substituted counsel and offers to purge himself of his contempt and to make payment of any arrears, to the end that he may be permitted to offer additional testimony in support of his petition seeking a reduction in the amount of the alimony. He argues, however, that the amount sought in the contempt proceedings was erroneously arrived at and that the amount claimed as arrears subsequently accrued is excessive.
The circumstances are these: the parties were divorced by final decree of the Court of Chancery of this State September 21, 1945. Prior thereto (January 3, 1945), they had entered into an agreement whereby payments were to be made by the defendant to plaintiff for the support of herself and two minor children. The agreement was approved by the court and made a part of the decreenisi. It provided that defendant should pay $550 per month, but that this amount would be reduced on certain contingencies. The pertinent provisions of the decree as to such reduction are as follows:
"(e) If at any time after the calendar year 1945 (but not before) the Husband's net income, as herein defined in subdivision (g), falls below $7,500 per annum, he shall pay to the Wife, instead of $550 a month as provided in subdivision (a) the following amounts:
 "If the Husband's Then the Monthly
 "Net Annual Income Is Payments Shall Be
"Between $5,000 and $7,500 $450
" " 4,000 and 5,000 400
" " 3,000 and 4,000 350
 *Page 405 
"This provision shall operate prospectively, that is to say, the Husband's obligation as to basic alimony for the calendar year 1946 shall be determined by his net income during 1945 and so on."
Subsection (g) of paragraph 6 which is as follows:
"(g) The term `net income' as herein used shall mean and include any and all income of the Husband from whatever source derived, earned and unearned, less such proper and bona fide
deductions as may be recognized under the Federal Income Tax Law then in force, except that no deduction shall be made for (1) alimony, or (2) any unusual or exceptional capital losses or bad debts such as, for example, a loss sustained on a stock exchange seat, it being the intention of the parties that the Husband shall deduct only ordinary and routine capital losses and bad debts incurred in the usual and customary course of his business."
and subsection (h) of paragraph 6 which is as follows:
"(h) Within sixty days after the close of each calendar year on the basis of which the Husband may wish to invoke the provisions of subdivision (e), he shall render to the Wife a statement prepared by a certified public accountant showing his gross income for such calendar year, detailed deductions therefrom (indicating the nature of the deductions), and the computations made in order to arrive at the net income. Unless a statement is rendered as aforesaid, the benefits of subdivision (e) shall not be available to the husband."
It is admitted by defendant that the certified statement of his earnings, as provided for in subsection (h) of paragraph 6 above, was not furnished, but he contends that this provision of the agreement was substantially complied with; that plaintiff had sufficient notice and was furnished with full information as to his financial condition; hence he is entitled to the benefit of the "escalator provisions" of the agreement and his payments should be reduced accordingly. In support of this contention, he sets forth that in a letter dated January 5, 1948, which he mailed to plaintiff, he advised her that his income for the year 1947 had fallen to $1,385.72. He further shows that during the early part of the year 1948, his attorneys were in negotiation with the plaintiff's attorney and that on May 11, 1948, at a conference between the plaintiff *Page 406 
and her attorney and the defendant and his attorney, the defendant's financial condition was thoroughly discussed.
Up to this time the case has proceeded on the theory that defendant's annual income had fallen below $3,000 and as there was no provision in the agreement for any payment when that occurred, there was nothing to be paid and the court should so determine or fix an amount based on the income of defendant according to the proofs submitted.
It is apparent that the decree in this case did not settle the differences between the parties, but has led to further complications. Such decrees (judgments now) are to be avoided. Agreements between the parties should not be incorporated in or made a part of the judgment. Such agreements may be used as evidence but are not binding on the court. Applegate v.Applegate, 135 N.J. Eq. 29 (E. A. 1944). A judgment for alimony should fix the amount to be presently paid measured by the needs of the wife and children and the means and ability of the husband to provide for them. Changes should be left to the determination of the court according to circumstances as they arise. In this case an attempt was made to provide for unknown and unforeseen contingencies. "A preconception and determination of an anticipated and unknown state of facts is not a judicial procedure." Lawton v. Lawton, 140 N.J. Eq. 16 (E. A.
1947).
These proceedings must lead to the reformation of the decree heretofore entered. The court must determine what the amount of alimony shall be, measured by the present needs of the plaintiff and her daughter according to their station in life and the means and the ability of the defendant to provide for them. The Court of Errors and Appeals in a number of like cases has remanded for further testimony. Ramhorst v. Ramhorst, 138 N.J. Eq. 523
(E. A. 1946); Straver v. Straver, 140 N.J. Eq. 480 (E. A. 1947). The state of the record here calls for the application of the reasoning in those cases and leads to a reconsideration with leave to file additional testimony. The plaintiff's alimony can be determined on defendant's motion. *Page 407 
The request of the defendant for a reconsideration of his petition for a reduction will be granted, on condition that a sufficient amount be paid to purge him of his contempt and bring his alimony obligation up to date, together with costs and counsel fees which will be allowed in these proceedings. The amount to be paid must be fixed in accordance with the order now in effect. The offer defendant makes is the same he has been contending for and to say that it is a substantial compliance with the existing order would be tantamount to an adjudication in his favor without supporting proof, and would be inconsistent with my findings on his petition for a reduction. The existing order must stand until altered in an orderly manner. The deduction of the amount allocated for the support of the older daughter, now twenty-one years of age and self-supporting, is proper, but I find no merit in the suggestion that the amount to be paid should be further reduced because of the amounts spent by the defendant while his daughters were visiting him. In the absence of a provision in the decree, I know of no rule which would allow the defendant to deduct any portion of the amount the court has directed to be paid to the wife for the support of his children. Such a deduction would be for the court to make at the appropriate time. Failure to ask the allowance until now and the circumstances under which the claim is advanced connotes an after-thought and a lack of sincerity.
Counsel has referred to the case of Rufner v. Rufner,131 N.J. Eq. 193 (E. A. 1942). In that case the court did not establish a rule, but merely condoned the payment as a matter of practical administration for which the conditions supplied justification. There is some difference between the payment of money for expenses at college, when the custodial parent could make appropriate reduction in household expenses for a definite time, and a credit covering the period when the beneficiaries were on a visit to their father while their mother continued to maintain a home for them to return to.
Application is made by plaintiff's counsel for a fee for his services and expenses and the sum of $371.17 for the *Page 408 
services of an accountant. The litigation began with negotiations with defendant's counsel early in 1948 and has continued to date. In accordance with my practice where substantial fees are asked, counsel has filed an affidavit of services rendered. Any allowance made at this time, in view of the permission granted to defendant to have his petition for reduction further considered will be ad interim; the value of such services cannot be determined pending the final disposition of the matter, but in fairness some allowance should be made at this time. The allowance will be $2,000, together with such court costs as have accrued; this amount to be taken into consideration when final allowances are made. The employment of the accountant was not authorized by the court and no allowance can be made for his services, but such expense to the plaintiff will be taken into consideration in fixing the amount of counsel fee. Armour v.Armour, 138 N.J. Eq. 145 (E. A. 1946).
Further proceedings in this matter will be had before the sitting judge or Advisory Master in the Matrimonial Division in vicinage 4, Mercer County. *Page 409