7 N.J. Super. 101 (1950)
72 A.2d 213
FRANCES E. PADWEE, PLAINTIFF-APPELLANT,
v.
ELIHU SHELDON PADWEE, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 13, 1950.
Decided March 23, 1950.
Before Judges JACOBS, EASTWOOD and JAYNE.
Mr. Samuel Levin argued the cause for the appellant.
*102 Mr. Ira D. Dorian argued the cause for the respondent (Mr. Benjamin D. Braelow, attorney).
The opinion of the court was delivered by JACOBS, S.J.A.D.
In 1948 the parties were divorced by decree which awarded alimony and custody of their infant child to the plaintiff. Thereafter, application was made for modification of the decree and a Master was appointed to conduct appropriate examination. The Master's report indicated that the needs of the plaintiff were in excess of $25 per week; the earnings of the defendant as an employee of the City of Newark were approximately $54 per week; the defendant also operated an animal hospital, where he and his present wife reside, but this business was being conducted at a loss although the defendant expected that since the "summer months are the best business months" he would "at least break even if not make some money." On July 15, 1949, the Advisory Master entered an order which directed the defendant to pay plaintiff the aggregate sum of $27 per week of which $10 was for her support, $15 was for the support of the child, and $2 was to be applied to arrears.
On December 9, 1949, the defendant filed notice that he would apply for an order reducing the amount payable to plaintiff for support and submitted an affidavit which alleged that his salary as an employee of the City of Newark is in effect $53.93 per week and $27 per week thereof has been sent to the plaintiff; his expenses for his private business exceeded his income therefrom and he has "not been able to make any profit on this business;" he has remarried and has a child nine weeks old; he has been instructed by his physician to move as soon as possible since his "child is exposed to infections from the diseased cats and dogs;" and, in order to establish a home, it is necessary that he obtain a reduction in the amount payable to the plaintiff for the support of herself and child. In opposition, the plaintiff filed an affidavit which set forth that her only income is the $27 per week payable under the order of July 15, 1949; it is impossible for her "to exist under any reduced amount;" and she also relies upon her *103 earlier affidavits in which she stated that she had no family of her own other than a married brother and her child requires her undivided attention. On December 16, 1949, the Advisory Master entered an order modifying the earlier order and directing that the defendant pay the sum of $22 per week in lieu of $27 per week, of which $10 was for the support of the plaintiff, $10 was for the support of the child, and $2 was on account of arrears. The present appeal is by the plaintiff from this order.
The authority of the Advisory Master to reduce the amount payable for support upon application and proper showing of changed circumstances is not questioned. See Storch v. Storch, 7 N.J. Super. 97 (App. Div. 1950). Although oral testimony would have been preferable, the matter was submitted by the parties for determination upon the ex parte affidavits. Straver v. Straver, 140 N.J. Eq. 480, 482 (E. & A. 1947). The Advisory Master could properly conclude therefrom that since the earlier order a child had been born to the defendant and his present wife and to protect the child's health it is urgent that they move from their present living quarters at the animal hospital. Any anticipated profits from the operation of the animal hospital having thus far failed to materialize, the defendant's earnings have in no wise exceeded his earlier earnings of $53.93 per week but his necessary expenditures have materially increased. While not controlling, these circumstances did present pertinent elements for consideration, along with all other relevant factors, on the Advisory Master's determination of the issue presented. Cf. Carley v. Carley, 131 N.J. Eq. 191, 193 (E. & A. 1942); Davis v. Davis, 135 N.J. Eq. 129, 132 (E. & A. 1944).
The plaintiff stresses her need and points out that the amount available to her under the Advisory Master's order for support of herself and child is rather meager. Under the evidence, however, the aggregate earnings available are similarly meager, and it was the Advisory Master's responsibility to determine what division was fair to the parties. That determination rested within his sound discretion and we cannot say upon the record before us that there was an abuse. Cf. *104 Herr, Marriage, Divorce and Separation (1938), §§ 367, 375. Under R.S. 2:50-37 the plaintiff, as well as the defendant, will, of course, have leave to apply hereafter from time to time for such relief as the circumstances then properly presented may require. Cf. Ramhorst v. Ramhorst, 138 N.J. Eq. 523, 526 (E. & A. 1946).
The order is affirmed.