7 N.J. Super. 97 (1950)
72 A.2d 211
JOHN A. STORCH, PLAINTIFF-RESPONDENT,
v.
MAY ETHEL STORCH, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 13, 1950.
Decided March 23, 1950.
*98 Before Judges JACOBS, EASTWOOD and JAYNE.
Mr. Maurice A. Scotch argued the cause for the appellant (Messrs. Kein & Scotch, attorneys).
Mr. Joseph D. Lintott argued the cause for the respondent (Mr. Thomas Weir Clohosey, attorney).
The opinion of the court was delivered by JACOBS, S.J.A.D.
This is an appeal from an order entered in the Chancery Division on October 14, 1949, reducing from $30 to $22.50 the amount payable weekly by the plaintiff for the support of his son.
The decree nisi divorcing the parties was entered in 1946 and contained a provision that the plaintiff pay to the defendant *99 the sum of $30 weekly for the support of their son. On April 8, 1949, cross-applications for modification of the amount payable for support were denied. On April 18, 1949, an order was entered directing the plaintiff to show cause why he should not be adjudged in contempt. No transcript of the proceedings on the return of the order to show cause is before us but the statement approved by the Advisory Master pursuant to Rule 1:2-23 discloses that the plaintiff appeared pro se but did not testify and filed no affidavits or other papers. We infer that he addressed oral argument to the Court and, on the basis thereof, the Advisory Master sent a letter dated May 6, 1949, stating that the plaintiff was entitled to a reduction to $22.50 per week. On May 12, 1949, the defendant served the plaintiff with a notice of motion that she would apply to stay the entry of an order based upon the Advisory Master's letter and for the taking of testimony. On May 25, 1949, an order was entered continuing the terms of the decree nisi and directing that testimony be taken before a designated officer. An examination was scheduled before the officer but the defendant failed to appear; thereupon, application was made to dismiss the order of May 25, 1949, and the defendant filed an affidavit which disclosed, and the Advisory Master found, that her failure to appear was not willful. Cf. Rule 3:37-4. On October 14, 1949, the Advisory Master entered an order which dismissed the order to show cause dated May 25, 1949, and reduced the amount payable for support to $22.50; the defendant's appeal was taken on November 14, 1949.
R.S. 2:50-37 provides that an order for the payment of alimony or support "may be revised and altered by the court from time to time as circumstances may require." Our Courts have held that where a husband seeks relief under this provision he has the burden of establishing, by satisfactory proof, the "changed circumstances which would justify the reduction sought." Ramhorst v. Ramhorst, 138 N.J. Eq. 523, 525 (E. & A. 1946); Boorstein v. Boorstein, 142 N.J. Eq. 135, 136 (E. & A. 1948). But Cf. Cohen v. Cohen, 15 N.J. Misc. 666, 669 (Ch. 1937). The proof may consist of *100 oral testimony or, where the parties consent, ex parte affidavits, and the Court's order must rest on the proof thus properly submitted. Straver v. Straver, 140 N.J. Eq. 480, 482 (E. & A. 1947).
In the instant matter there was no legal proof whatever to support the reduction. No testimony was taken and no affidavits were submitted. Although we have inferred that the plaintiff addressed the Court during his pro se appearance, the record before us contains none of his remarks and, in any event, they could not constitute the required proof. Furthermore, it should be noted that the plaintiff never made any formal cross-application for reduction (Cf. Royce v. Royce, 124 N.J. Eq. 469, 471 (E. & A. 1938)), and his appearance was in response to an order to show cause why he should not be adjudged in contempt. Not having received any notice of application for reduction, the defendant could not then fairly be called upon to meet that issue. Cf. Hudson County National Bank v. Simpson, 5 N.J. Super. 135, 137 (App. Div. 1949). We have concluded that the entry of the order of October 14, 1949, reducing the amount payable for support was erroneous.
Plaintiff has urged that the defendant's appeal was not taken within time on the ground that the letter of May 6, 1949, constituted an order of the Court immediately appealable as such. We consider this contention to be entirely without merit. See In re Beam, 93 N.J. Eq. 593, 595 (Prerog. 1922); Vesey v. Driscoll, 132 N.J.L. 293, 297 (Sup. Ct. 1944). The letter simply advised the parties of the Court's determination to reduce the amount payable for support to $22.50 and contemplated that it would be followed by the entry, in accordance with the Rules, of a complete and formal order or judgment which might be properly reviewed and enforced. See Rules 3:54-1, 3:58, 3:102-7. Indeed, the letter was followed by an application to withhold the entry of the order and, in fact, the order for reduction was not actually entered until October 25, 1949. The appeal from the order was within time and the date of the earlier letter is of no significance.
The order of the Chancery Division is reversed.