113 N.J. Super. 366 (1971)
273 A.2d 792
JUNE C. GULICK, PLAINTIFF,
v.
JOHN GULICK, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided February 9, 1971.
*367 Mrs. Regina H. Meredith argued the motion for plaintiff (Messrs. Meredith, Meredith and Chase, attorneys).
Mr. Daniel A. O'Donnell, Jr. argued the motion for defendant (Messrs. McLaughlin, Dawes & Abbotts, attorneys).
FRITZ, J.S.C.
Plaintiff, by motion, seeks to modify provisions of a judgment nisi for divorce with respect to support provisions and provisions made therein for respective claims of dependency in connection with federal income tax returns. It appears uncontroverted that the provisions in these respects originally appearing in the judgment nisi of December 14, 1966, and concerning which a final judgment was entered on March 15, 1967, were the result of agreement between the parties at that time after arms-length negotiation.
While there is no question that this court has continuing jurisdiction to modify support as provided in a divorce judgment, N.J.S.A. 2A:34-23, some question does appear as to whether such modification is to be based upon a consideration of the elements which ordinarily enter into the picture (see Turi v. Turi, 34 N.J. Super. 313, 322-323 (App. Div. 1955)), as they exist at the time of the application for modification, or whether such modification can result only from a demonstration of altered circumstances subsequent to the original judgment. Solution to this problem is both helped and hindered by an apparent conflict in judicial expressions concerning modification of support provisions in a prior judgment.
The rule was long thought to be that the party who seeks such a modification has the burden of establishing that changed circumstances call for the relief sought. Boorstein v. Boorstein, 142 N.J. Eq. 135 (E. & A. 1948). Only the unofficially reported determination of Advisory Master Van Winkle in Cohen v. Cohen, 15 N.J. Misc. 666 (1937), appears to have suggested to the contrary. With an awareness of the injunction of Reinauer Realty Corp. v. Paramus, 34 *368 N.J. 406, 415 (1961), that "Trial judges are privileged to disagree with the pronouncements of appellate courts; the privilege does not extend to non-compliance," I am of the judgment that dictum in Martindell v. Martindell, 21 N.J. 341, 353 (1956), suggesting that Cohen may prevail over Boorstein in appropriate circumstances, not only permits but compels me to view the matter as though a conflict in appellate pronouncements exists. Martindell advises:
* * * Where the original alimony order was preceded by and was based upon a full and fair judicial inquiry the doctrine [Boorstein] may have considerable merit, for neither the courts nor the parties should be heavily burdened with a belated re-examination of the original facts and the justice of the terms of the original order entered thereon. Where, however, there was never any such judicial inquiry, the doctrine may have much less force. * * *.
In the motion before me, a new element for consideration appears, to wit, the fact that the property aspects of the prior judgment were a matter of agreement on arms-length negotiation. Thus, we have a novel problem: whether, on such an application, plaintiff must demonstrate a change of circumstances since the original judgment, or, on the other hand, may demonstrate a need for modification on the basis of things as they are now.
It seems to me that the principles involved in the law as expressed in the cases cited above require first, in any case, a determination by this court as to whether there was "a full and fair judicial inquiry" at the time of the original judgment. If there was, a demonstration of changed circumstances is required. If there was not, the question "should be decided in accordance with the very right of the matter at the time it is before the court for disposition."
The rationale of this proposition as a general statement of law is obvious and, I believe, profound. If the parties have had an opportunity to demonstrate the circumstances upon which there was a determination and "the justice of the terms of the original order" were or should have been *369 apparent to the judge then sitting, then a belated examination supplementary thereto will not be permitted. If they have not had such an opportunity or have not availed themselves of it, absent other equities, simple justice requires the full examination.
Applied to the instant matter, the inquiry becomes one of whether an arms-length negotiated agreement is the equivalent of "a full and fair judicial inquiry," as that phrase is used in Martindell. I believe it is the equivalent. The end product of such an inquiry is the informed judgment of the judge based on a full presentation of the facts toward the goal of a fair adjudication of support. The significant component is the availability of all facts. Where the parties agree after arms-length negotiation, and the court's approval by incorporation into a judgment appears, I think it can be fairly presumed that the totality of facts was available. To permit a court to be asked on the application of either one of the litigants at some later time to reexamine the facts which they and the court have already considered, toward the end of adding a supervening judgment to the parties' own considered determination, seems to me to be wrong in several respects. First, it fosters a sort of second-bite-from-the-apple philosophy. Either party may consciously accept a voluntary determination of support with confidence that if things do not work out right, he can start all over again. Second, it imposes upon a trial judge the obligation of making a determination as to support, not in the relatively uncluttered arena of a first presentation of the facts, but rather, influenced, subconsciously or otherwise, by the support considerations which the parties have voluntarily assumed after full fact finding, as it were. Third, it encourages something less than the best judgment in the litigants, at the important moment of the divorce, to bring to bear all those factors which might be the subject of proper consideration with regard to the matter of support. Finally, as noted in Martindell, it inflicts on the courts and the parties a heavy and unnecessary burden of belated re-examination.
*370 If the rule be as I believe it to be for the reasons set forth above, then, as applied to this case, plaintiff has the burden of demonstrating a change of circumstances since the entry of the judgment nisi sufficient to warrant the relief she seeks. It is, therefore, upon this postulate that I have considered the factual issues presented. For plaintiff to prevail upon her application for an increase in support, she bears the burden of demonstrating, by "clear proof," that circumstances have so altered since the entry of the judgment nisi that the relief she seeks is warranted. Boorstein, supra. I do not believe that this burden has been here sustained.
As far as change of circumstances is concerned, plaintiff's proofs on this motion demonstrate only her assertion that cost of living, including income taxes, has increased since the time of agreement as to support and the entry of the judgment nisi, and that she is thereby required to bear a disproportionate share of the support burden. I do not believe this to be the type of "changed circumstances and new facts" which Boorstein contemplates. Were the rule to be to the contrary, except in the most unlikely event of a period of unwavering stability in the economy, one party or the other would be in a position frequently and continuously to seek a modification. If the cost of living went up, the application would be by the supported. If it went down, it would be by the supporter. In addition to this practical view, there is no reason why the parties should not be presumed to have considered at the time of entry of judgment the likelihood of general economic change, a real fact of life in our present economy. To permit relief on this basis would be no different from sanctioning a modification of a prior agreement solely on the basis that the support sought and agreed upon proved to be less adequate when it arrived than it did when the agreement was entered into.
Notwithstanding all of the foregoing, I acknowledge the rule of Ramhorst v. Ramhorst, 138 N.J. Eq. 523 (E. & A. 1946), where it is said (at 526) that "The right of either party to make application to the Court of Chancery at any *371 time for a just variation of the terms of an existing order for alimony and support is inherent in our matrimonial procedure," and this despite the semantic war between Boorstein and Cohen and the uneasy truce of Martindell. I am certain, as well, that the conscience of equity will not permit present needs of children to be limited by the agreement of the parents. Suffice it to say that on the present motion I have concluded, all things considered, that I do not offend these rules. Proofs that the needs of the children are being limited are not present. Indeed, plaintiff's principal claim is simply that she is bearing a disproportionate burden.
Plaintiff has, for the foregoing reasons, failed to sustain her burden on this motion, and therefore the motion must be denied. It is axiomatic that such denial is without prejudice. Pursuant to the statute and the cases, the respective obligations relating to support are dynamic and may be the subject of further motion when the circumstances and facts are demonstrably so altered that they may justify the relief sought.
No counsel fees or costs to either party on the motion.